IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA      **DEC 1 3 2011**
ATLANTA DIVISION

By: James N. Hatten, Clerk
*Am Caule*
Deputy Clerk

UNITED STATES OF AMERICA,

CRIMINAL CASE NO.

v.                                        1:10-CR-0453-ODE-JFK

TIMOTHY STEPHENS

## ORDER

This criminal case is currently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janet F. King [Doc. 117] filed on July 28, 2011. Magistrate Judge King recommended denying Defendant Troy Stephens' Motion to Suppress Search and Seizure [Doc. 48] and Defendant Timothy Stephens' Motion to Suppress Evidence [Doc. 49]. On August 10, 2011 Defendant Timothy Stephens ("Defendant") timely filed objections to the R&R [Doc. 120].

In his motion to suppress Defendant contends that, because law enforcement agents unlawfully entered a hotel room in which he stayed, their observations therein could not be used to obtain a valid search warrant for the hotel room; thus, any evidence seized as a result of execution of that warrant must be suppressed as the fruit of the poisonous tree. Magistrate Judge King conducted a hearing on this motion on April 5, 2011 [Doc. 92] and issued an R&R concluding that Defendant lacked an expectation of privacy in the place searched to challenge the search. Further, Judge King concluded that, even if Defendant could challenge the search, it was conducted after gaining valid consent and was, therefore, lawful.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review as to those portions of the R&R to which Defendant timely and specifically objected. The Court may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). Portions of the R&R to which Plaintiff has not specifically objected are reviewed for clear error only. See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) (Story, J.) ("[I]ssues upon which no specific objections are raised do not so require de novo review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)). Having reviewed de novo the portion of the R&R to which Defendant objects, the Court overrules Defendant's objections [Doc. 120] and ADOPTS IN ITS ENTIRETY Judge King's R&R [Doc. 117].

I.    Factual Background

Defendant is charged with violations of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A) in association with the robbery of an armored car in Decatur, Georgia on October 13, 2010. In late October 2010, Federal Bureau of Investigation ("FBI") agents located in Norfolk, Virginia received information from agents in the Atlanta FBI office concerning arrest warrants for Defendant and his brother, Troy Stephens [Doc. 92 at 51-52]. The information indicated that the men were in the Norfolk area. On October 28, 2010, Troy Stephens was tracked to room 227 of the Staybridge Suites Hotel in Chesapeake, Virginia [Id. at 31-32]. Troy Stephens was located by

tracking his cellular phone [Id.]. Room 227 was rented in the name of Brittney Montgomery and had been prepaid for a period of time expiring around October 28 or 29, 2010 [Id. at 24-25]. FBI agents arrived at the hotel around 5:00 p.m., and Special Agents Cosenza, Spiegel-Halter, and Grabarczyk conducted surveillance of room 227 from the hallway of the second floor [Id. at 10-11].

After forty minutes of observation, a black male on a cell phone, later determined to be Troy Stephens, exited room 227 [Id. at 10]. Noise and music continued to emanate from the room [Id.]. Agents affected an arrest on Troy Stephens approximately twenty-one paces from his hotel door [Id. at 11]. After arresting Troy Stephens, the officers led him back toward room 227 where Agent Cosenza was waiting outside the room door. Agent Cosenza asked if there was anyone else in the room [Id. at 16]. Agent Cosenza believed there to be another individual in the room because music was heard coming from the room after Troy Stephens exited the room [Id. at 19]. Agent Cosenza believed the individual to be Timothy Stephens because agents in Atlanta indicated that Timothy Stephens was thought to be with his brother [Id. at 41]. Troy Stephens indicated that there was not another individual in the room and that the officers could "check" [Id. at 39]. Troy Stephens did not appear to be under the influence of drugs or alcohol at the time [Id. at 18]. No promises or threats were made to Troy Stephens to elicit his permission for the search [Id. at 17]. The officers asked if Troy Stephens had a key to the room and Troy Stephens indicated there was a key in his rear pocket [Id. at 16]. Agent Grabarczyk retrieved the key card and handed it to Agent

Cosenza who used it to enter the hotel room. At no time did Troy Stephens indicate that the officers could not enter the room.

Agents Cosenza and Grabarczyk then conducted a search of room 227, which was a suite, that took less than a minute. In conducting that search, the agents observed a baseball cap on the kitchen island full of U.S. currency [Id. at 21]. On the kitchen table the agents observed clear baggies with a "green leaf-type material" which Agent Cosenza identified as marijuana; Agent Cosenza also smelled marijuana [Id. at 21-22]. A search warrant was later sought to search the hotel room [Id. 24].

Defendant was not present in the hotel room on October 28, 2010, the day of the search. Defendant had resided in the hotel room beginning on or around October 19, 2010 [Id. at 79]. On either October 26 or 27, 2010, Defendant and a companion left Virginia to return to Atlanta. Defendant stayed in Atlanta for approximately four days after which he returned to Virginia [Id. at 29]. Defendant had not been in contact with Troy Stephens since his arrest, but his companion testified that they were not concerned that Troy Stephens had been arrested [Id. at 29-30]. Defendant and his companion had contacted the Staybridge Suites Hotel and learned that Troy Stephens was no longer in room 227. When Defendant returned to Virginia on October 29, 2010, he did not return to the Staybridge Suites Hotel, but rented rooms at a Red Roof Inn and later a Hampton Inn [Id. at 28, 30]. On October 30, 2010, Timothy Stephens was arrested near Virginia Beach approximately twenty miles from the Staybridge Suites Hotel [Id. at 26].

II.  Discussion

The only portion to the R&R to which Defendant specifically objects is Judge King's conclusion that Defendant lacked standing to challenge the search of the hotel room.  To challenge the search, Defendant must demonstrate that he had a legitimate expectation of privacy in room 227 of the Staybridge Suites Hotel on the date the search was conducted.  United States v. Hastamorir, 881 F.2d 1551, 1559 (11th Cir. 1989).  Although an individual can have a legitimate expectation of privacy in a hotel room, United States v. Ramos, 12 F.3d 1019, 1023 (11th Cir. 1994), such expectation can be abandoned by relinquishing any interest in the property.  United States v. McKennon, 814 F.2d 1539, 1545-46 (11th Cir. 1987); see also Abel v. United States, 362 U.S. 217, 240-41 (1960) (defendant had no expectation of privacy in hotel room after vacating it).  Although Defendant must establish that he has a legitimate expectation of privacy in the object of the search, here room 227, the government has the burden of proving abandonment.  United States v. Walker, 199 F. App'x 884, 886 (11th Cir. 2006).

In neither his motion to suppress [Doc. 49] nor his post-hearing brief [Doc. 99] did Defendant address whether he had a legitimate expectation of privacy in room 227 so as to challenge the search.  Judge King concluded that Defendant abandoned his privacy interest in room 227.  Judge King found persuasive that Defendant left the hotel with no evidence of any intent to return and without leaving any belongings in the hotel.  Further, the hotel was rented for a period that was expiring, and Defendant

made no arrangement to continue the rental of the room. And, as Judge King noted, when Defendant returned to the area, Defendant did not return to the Staybridge Suites, but stayed in two other hotels and was ultimately arrested some twenty miles away from the hotel.

Defendant now argues that he had a sufficient privacy interest in the room to have standing to challenge the search. Defendant points out that the search occurred on October 28, 2011, when the room was still rented in the name of Brittany Montgomery [Doc. 120 at 2]. Further, Defendant contests Judge King's factual finding that Defendant left no personal effects in the room. Defendant further asserts that the room "was his name," but the hearing testimony contradicts that assertion [Doc. 92 at 81]. Defendant also asserts that he did not return to the room because he learned of Troy Stephens' arrest, though the hearing testimony demonstrates that Troy Stephens' arrest was "not a concern" [Id. at 29-30]. Having reviewed Defendant's objection to this portion of the R&R de novo, the Court concludes that Judge King correctly concluded that Defendant lacked a privacy interest in room 227 to challenge this search. Defendant's actions after leaving Virginia indicate that he abandoned his privacy interest in room 227 of the Staybridge Suites Hotel.

Moreover, Judge King did not solely deny Defendant's motion to suppress for lack of standing to challenge the search. Judge King further, and correctly, concluded that Troy Stephens gave valid consent to conduct a search of the room. At no point in his objections does Defendant contest Judge King's conclusion that Troy Stephens consented to the search. The Court finds no clear

6

error in Judge King's finding that the search at issue was conducted after receiving valid consent. Therefore, the agents were entitled to rely on their observations of what was in plain view during that search when obtaining a later search warrant.

III. Conclusion

Having reviewed de novo those portions of the R&R to which Defendant objected, Judge King's Report and Recommendation [Doc. 117] is ADOPTED IN ITS ENTIRETY. Defendant Timothy Stephens' objections are OVERRULED [Doc. 120]. Accordingly, Defendant's motion to suppress is DENIED [Doc. 49].

SO ORDERED this __13__ day of December, 2011.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE